IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEITH V. MENEFEE,

                Plaintiff,

      v.                          CASE NO. 08-3314-SAC

ROGER WERHOLTZ,
et al.,

                Defendants.

## O R D E R

Plaintiff herein has filed a Notice of Interlocutory Appeal (Doc. 10) and now seeks leave to proceed in forma pauperis on appeal (Doc. 14). No final order appealable as of right has been entered in this case. Under 28 U.S.C. § 1291, the Tenth Circuit Court of Appeals "only possesses appellate jurisdiction over 'final decisions' of district courts." See Roska ex rel. Roska v. Sneddon, 437 F.3d 964, 969 (10th Cir. 2006). This requirement "precludes consideration of decisions . . . that are but steps towards final judgment in which they will merge." North American Specialty Ins. Co. v. Correctional Medical Services, Inc., 527 F.3d 1033, 1038 (10th Cir. 2008), citing Roska, 437 F.3d at 969 (internal quotation marks and brackets omitted).

28 U.S.C. § 1292 provides for appeals from interlocutory decisions by a federal district court only in very limited circumstances. Subsection (b) of § 1292 pertinently provides:

> b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in

>       writing in such order.  The Court of Appeals which would
>       have jurisdiction of an appeal of such action may
>       thereupon, in its discretion, permit an appeal to be taken
>       from such order, if application is made to it within ten
>       days after the entry of the order: Provided, however, That
>       application for an appeal hereunder shall not stay
>       proceedings in the district court unless the district
>       judge or the Court of Appeals or a judge thereof shall so
>       order.

Id.  Having carefully considered this matter and the relevant authorities, the court declines to order certification of this case for interlocutory appeal.

Plaintiff does not seek to appeal one of the few actions for which interlocutory appeals are expressly allowed under § 1292, such as the denial or issuance of an injunction.  See Swint v. Chambers County Com'n, 514 U.S. 35, 45-46 (1995).  Thus, in order for this interlocutory appeal to proceed as to the "otherwise not appealable orders," this court must issue the written certification required by § 1292.  Certification of interlocutory appeals under § 1292(b) is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." State of Utah by and through Utah State Dept. of Health v. Kennecott Corp., 14 F.3d 1489, 1495 (10th Cir.), cert. denied, 513 U.S. 872 (1994)(citing S.Rep. 2434[1], 1958 U.S.C.C.A.N. at 5262).  A primary purpose of § 1292(b) is to provide an opportunity to review an order when an immediate appeal would "materially advance the ultimate termination of the litigation."  Kennecott, 14 F.3d at 1495.

---

[1] The full cite for this "appendix to Senate report" in Kennecott, 14 F.3d at 1495, is S.Rep. No. 2434, 85th Cong., 2d Sess. 1 (1958)(hereinafter S.Rep. 2434), reprinted in 1958 U.S.C.C.A.N. 5255, 5255; see Note, Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b), 88 Harv.L.Rev. 607, 609-11 (1975)(avoidance of wasted trial court time is sole purpose of § 1292(b)).

2

This court does not believe that an immediate appeal at this juncture from it order to sever a party other than Mr. Menefee or from its finding that plaintiff has taken no proper steps to have this certified as a class action could materially advance the ultimate termination of this litigation.  Moreover, it cannot be said that the questions raised by plaintiff in this appeal are ones as to which there is "substantial ground for difference of opinion." The court concludes that plaintiff's interlocutory appeal shall not be certified.

In addition, the court notes this matter is not automatically stayed by the filing of a notice of interlocutory appeal.

The court finds that plaintiff has paid the initial, partial, district court filing fee of $10.50 assessed herein, and his motion for leave to proceed in forma pauperis before this court shall be granted.  The court denies plaintiff's request that any fee be taken from his "forced savings."  Plaintiff remains obligated to pay what remains of the full filing fee of $350.00 herein through payments from his inmate account.

Finally, since the court declines to certify plaintiff's interlocutory appeal, it also denies his motion for leave to proceed in forma pauperis in said appeal.  <u>See</u> Fed.R.App.P. 24(a)(3)(A)(a party permitted to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies the appeal is not taken in good faith or finds the party is not otherwise entitled to proceed in forma pauperis).

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to

3

Proceed in forma pauperis before this court (Docs. 2, 3) is granted[2].

**IT IS FURTHER ORDERED** that this court declines to certify plaintiff's interlocutory appeal (Doc. 10), and that plaintiff's motion for leave to proceed in forma pauperis on interlocutory appeal (Doc. 14) is denied.

The clerk is directed to transmit a copy of this Order to the finance office at the institution where plaintiff is currently confined and to the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED**.

Dated this 7th day of April, 2009, at Topeka, Kansas.

> s/Sam A. Crow
> U. S. Senior District Judge

---

[2] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the district court filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fees, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.